IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHAD McMULLEN, individually and                Civil Action No. 2:22-cv-131-AJS
t/d/b/a ST. CLAIR CONSTRUCTION,
ST. CLAIR CONSTRUCTION, INC.,
and RJ SHROCK, INC.

              Plaintiffs,

      vs.

BUILDER SERVICES GROUP, INC,
d/b/a AMERICAN BUILDING
PRODUCTS,

              Defendant.

## AMENDED COMPLAINT FOR CONTRIBUTION

AND NOW, come the Plaintiffs, Chad McMullen, individually, and t/d/b/a St. Clair Construction, St. Clair Construction, Inc., and RJ Shrock, Inc., by their attorneys, DiBella Weinheimer and present the following Amended Complaint for Contribution:

1.      Plaintiff, Chad McMullen, individually and t/d/b/a St. Clair Construction is an individual residing at 234 Strawberry Lane, Ligonier, Pennsylvania.

2.      Plaintiff, St. Clair Construction, Inc. is Pennsylvania Corporation with its principal place of business at 234 Strawberry Lane, Ligonier, Pennsylvania.

3.      Plaintiff, RJ Shrock Inc. is an Ohio Limited Liability Company Corporation with its principal place of business at 16679 Jug Road, Burton, OH 44021.

4.      Defendant, Builder Services Group, Inc., d/b/a American Building Products (hereinafter "BSG"), is a Pennsylvania Corporation with an address of 2 Alps Avenue, Cranberry Township, Pennsylvania, 16066 and principal place of business at 260 Jimmy Ann Drive, Daytona Beach, Florida, 32114.

5.      Defendant, BSG at all times pertinent hereto acted by and through its duly authorized agents, servants and/or employees, who were there and then acting within the course and scope of their employment, agency and/or servitude.

6.      Based on information and belief, at all times relevant hereto, Defendant BSG regularly conducted business in Allegheny County, Pennsylvania.

7.      Venue is proper in Allegheny County pursuant to Pa. R.C.P. Section 2179 and 1006 (b) and (c).

## Facts and Chronology

8.      Eric E. Elek and Elizabeth Elek (hereinafter, the "Eleks"), are owners of real property located at 227 Sunrise Lane, Ligonier, Pennsylvania 15658.

9.      On or about June 24, 2016, the Eleks contracted with St. Clair Construction for the construction of a residence located at 227 Sunrise Lane, Ligonier, Pennsylvania, 15658 (the "Project").

10.      A true and correct copy of the construction contract between the Eleks and St. Clair Construction for the Project is attached hereto as Exhibit A.

11.      The scope of the Project included the construction of an approximately 6000 square foot residence at 227 Sunrise Lane, Ligonier, Pennsylvania in accordance with plans and specifications prepared by the Elek's architect, Ulery Architecture.

12.     In connection with the Project, St. Clair contracted with certain subcontractors for work including but not limited to framing, roofing and insulation.

13.     On or about October 11, 2016, St. Clair Construction contracted with 84 Lumber Company for certain framing and roofing work, all as outlined in that Subcontractor Agreement/Scope of Work and in accordance with the Specifications for the Project.   A true and correct copy of the Subcontractor Agreement/Scope of Work as between St. Clair and 84 Lumber is attached hereto as Exhibit B.

14.     In connection with the Project and its agreement with St.  Clair, 84 Lumber did not itself perform the framing and roofing work outlined in the Subcontractor Agreement/Scope of Work but rather, contracted with RJ Shrock for the work outlined in the Subcontractor Agreement/Scope of Work as between St. Clair and 84 Lumber. See the contract attached hereto as Exhibit C.

15.     In connection with the Project, St. Clair and/or McMullen contacted and later contracted with BSG for the insulation work on the project.  In that regard, BSG, in or around February 14, 2017, submitted to Chad McMullen and St. Clair two separate proposals via email for the insulation and insulation installation at the Elek home, and represented that either proposal and that either open cell insulation or closed cell insulation would be suitable for the project. A true and correct copy of the proposals submitted by BSG to Chad McMullen and St. Clair is attached hereto as Exhibit D.

16.     The Eleks and McMullen agreed to the proposal for open cell foam insulation.   Under its agreement, and its dealings with St. Clair and McMullen,

BSG, as the expert in the field, was responsible for recommending the appropriate insulation product for the job, providing the materials for use in the insulation work, installing the insulation and ensuring that the insulation complied with all applicable building codes and specifications. McMullen and St. Clair relied on those recommendations and relied on BSG to provide the appropriate product and to do the work involved in the installation of the insulation.

17.     Work on the Project commenced during the period from June through October 2016.

18.     Framing and roof work on the project began in October and November of 2016. This included framing on the roof of the main house and the garage. The framing and roof work was primarily done by Shrock and this work included the installation of OSB sheathing over the roof trusses to cover the roof and allow for the application of asphalt roof shingles on the roof surface and the application of the open cell insulation on the underside of the OSB sheathing which was a spray on product.

19.     Roof work continued through the end of 2016 and into early 2017. Asphalt shingle installation commenced on January 25, 2017.

20.     On or about March 7, 2017, BSG insulators began spraying foam insulation. This work continued through March 23, 2017, when the insulation installation was complete.

21.     The roofers completed the asphalt shingle installation by end of March 2017. Almost immediately after the installation of the asphalt roof shingles

was complete, the Eleks claimed that the roof exhibited certain problems or defects characterized as undulations, wrinkles or lines visible on the roof shingles.

22.    In an effort to either determine the source of the problem, or to solve the problem, both the Eleks and McMullen/St. Clair consulted a number of experts both to determine the cause of the visible defects on the roof surface and to determine appropriate remediation or repair.

23.    Although inconclusive, an initial report prepared by AEC, Inc. for the Eleks identified the defects with the raised areas of OSB Sheathing and undulations or lines visible on the asphalt roof shingles, coming to the conclusion that the OSB sheathing was not installed properly and that the sheathing was raised due to moisture infiltration.

24.    Separately, reports prepared by Wilson Engineering, Inc, Mason Knowles Consulting, LLC and R& D Engineering, LLC on behalf of McMullen and St. Clair identified defects with the installation of the OSB sheathing, the titanium underlayment and the asphalt roof shingles.

25.    Additionally, the reports prepared by Wilson Engineering, Inc, Mason Knowles Consulting, LLC and R&D Engineering, LLC on behalf of McMullen and St. Clair identified defects with the installation by BSG of the open cell spray foam insulation.  The installation was improper in that it left voids and gaps in the foam as applied; failed to adhere to the OSB sheathing leaving significant gaps; and failed to comply with applicable building codes, IRC (2009) R806.5 applicable to Pennsylvania and Climate Zone 5 requiring the use of a Class II vapor retarder for an unvented attic.

26.    McMullen/St. Clair and the Eleks had a number of discussions relating to the scope of damage to the house and the cost to repair or remediate.

27.    Significant in these discussions was the fact that necessary repair work contemplated the removal of the sprayed-on foam insulation to avoid ongoing problems with moisture infiltration and moisture damage to the OSB sheathing and roof structure.

### The Litigation

28.    A writ of summons was filed on December 30, 2019 by the Eleks and against St. Clair in the Court of Common Pleas of Westmoreland County at No. 19C106594.

### Damages

29.    By November of 2020, McMullen and St. Clair had secured an estimate to repair in the amount of $658,510.  This estimate included the removal and replacement of roof shingles and sheathing; the removal and replacement of the open cell foam insulation and necessary work in the Elek home to access and complete the work.

30.    In contrast, the Eleks obtained their own repair cost estimate from JM Building which estimate totaled $1,220,326. That estimate included those same elements, the removal and replacement of roof shingles and sheathing; the removal and replacement of the open cell foam insulation and necessary work in the Elek home to access and complete the work

31.     Thus, as of January 2021, the cost to repair or remediate including the cost to remove and replace the sprayed on insulation, the roofing materials

and repair any damage to the interior of the Elek home ranged from $648,510 to $1,220,326.

## The Settlement

32.    In an effort to allow the Eleks to repair any damage and to avoid litigation with the Eleks, McMullen, St. Clair and Shrock commenced settlement discussions in January of 2020, which discussions continued off and on for over a year.

33.    These settlement discussions included concerns relating to the insulation applied, the application process and the cost to remove the insulation.

34.    On or about March 18, 2021, a compromise settlement was reached. The Eleks, Chad McMullen/St. Clair Construction, and Shrock Construction agreed to settle all claims by the Eleks against all joint tortfeasors for total settlement of $500,000. A true and correct copy of the Release and Settlement Agreement is attached hereto as Exhibit E.

## COUNT I – ACTION FOR CONTRIBUTION

35.    The allegations of paragraphs 1 through 34, inclusive are incorporated herein by reference as though set forth at length.

36.    This action for Contribution is pursuant to the Uniform Contribution Among Tortfeasors Act at 42 Pa.C.S.A Section 8321 *et. seq.* Section 8324 (UCATA).

37.    The Release and Settlement Agreement discharges the liability of all joint tortfeasors to the Eleks and Plaintiffs including McMullen, St. Clair, 84 Lumber Company, Shrock and BSG.

38.    McMullen, St. Clair and Shrock have discharged the common liability of all joint tortfeasors and believe and therefore aver that they have paid more than their pro rata share of liability. This belief is based on the reports and evaluations referenced above indicating that the BSG open cell spray foam insulation was improperly installed and that the BSG open cell spray foam insulation was not a suitable product for the project and that the BSG Open cell spray on insulation as applied violated applicable building codes.

39.    The acts, omissions and other breaches of duties and obligations by BSG resulted in damage to the Elek home as well as the potential for future damage in the form of damage due to water vapor and moisture condensation along with the need to remove and re-apply the insulation.

40.    At all times relevant to the Project, Defendant BSG, through its agents, servants, workmen and employees knew or should have known that the IRC in Climate Zone 5 requires that there must be a Class II Vapor Retarder, when installing open cell foam insulation, which was not done by BSG in connection with the Project. McMullen and St. Clair relied on BSG and its expertise as an insulation contractor and its recommendation that the open cell point 5 PCF spray foam was an appropriate product and application for the Project.

41.    During the project, in or around February 2017, McMullen contacted Don Dobroski of BSG to solicit a quote or proposal for spray on foam insulation for the Project. Mr. Dobroski offered two separate proposals for the sale and application or installation of spray on foam insulation, one for 8" ClassicMax open

cell foam and the other for 4" closed cell foam, indicating that either would be appropriate for the Project. See Exhibit D.

42.    The Eleks and/or McMullen/St.Clair elected the open cell product based primarily on the recommendations of BSG and its representative along with pricing considerations.  Neither the Eleks nor McMullen/St. Clair had knowledge or information that the open cell foam insulation is not suitable in Western Pennsylvania due to colder climate without the installation of a vapor barrier which is required by code in this climate zone.

43.    The insulation work was done by BSG in March of 2017 and the work was invoiced to St. Clair on March 28, 2017. See Exhibit F.

44.    The damage to the Elek home was caused in whole or in part by the negligence, carelessness and recklessness of Defendant BSG in the following particulars:

    a)  Recommending an open cell foam insulation product as opposed to a closed cell foam insulation product for installation in Western Pennsylvania;

    b)  Recommending an open cell foam insulation product for installation in Western Pennsylvania without advising that the applicable IRC Building Code requires the contemporaneous installation of a Class II Vapor Retarder to minimize the potential for condensation;

    c)  Improperly installing the open cell foam insulation product in a manner as to allow for gaps and voids in the insulation leading to moisture problems;

d) Improperly installing the open cell foam insulation product in a manner such that the foam insulation has separated from the roof sheathing;

e) Improperly installing the open cell foam insulation product in a manner that it did not properly adhere to the underside of the roof sheathing, which, in part, caused volume changes to the roof underlayment and shingles and leading to the buckling encountered with the Project; and

f) Improperly installing the open cell foam insulation product in defective manner such that the foam insulation had to be removed to make necessary repairs.

45. The lawsuit initiated by the Eleks was settled without the participation of BSG in an effort to avoid litigation and allow the Eleks to do necessary repairs.

46. McMullen, St. Clair and Shrock submit that BSG is a joint tortfeasor and shares in the responsibility for the damage to the Project and the Elek home.

47. McMullen, St. Clair and Shrock paid more than their pro-rata share of liability in order to resolve and settle the litigation relating to the project.

48. In addition, McMullen/St. Clair agreed to give up payment due and owing to McMullen/St. Clair for the project in the amount of $89,163.02 as further consideration for the settlement of the litigation relating to the project.

WHEREFORE, Plaintiffs, Chad McMullen, individually and t/d/b/a St. Clair Construction, St. Clair Construction, Inc., and RJ Shrock, Inc., demand judgement in their favor and against Builder Services Group, Inc., d/b/a American Building

Products in an amount in excess of thirty-five thousand dollars ($35,000.00) to include costs.

Respectfully submitted,

DiBELLA WEINHEIMER

/s/ *Kathleen S. McAllister*
Kathleen S. McAllister, Esquire
Attorney for Plaintiffs
Chad McMullen, individually and t/d/b/a
St. Clair Construction, St. Clair
Construction, Inc.,
and RJ Shrock, Inc.

Firm I.D. #099
Pa. I.D. #30764

Law & Finance Building
429 Fourth Avenue – Suite 200
Pittsburgh, PA 15219

412-261-2900
kmcallister@d-wlaw.com

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing of confidential information and documents differently than non-confidential information and documents.


/s/ *Kathleen S. McAllister*
DiBELLA WEINHEIMER